UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**INTRACOASTAL TUG AND**                     **CIVIL ACTION**
**BARGE COMPANY, L.L.C.**

**VERSUS**                                                 **NO. 23-5859**
                                                                 **C/W: NO. 23-7210**
                                                                 **RELATED TO: ALL**

**MAGNOLIA FLEET, LLC ET AL.**               **SECTION "B"(4)**

## ORDER AND REASONS

Before the Court are claimant Quinices Hill's motion to bifurcate limitations proceedings (Rec. Doc. 23), petitioners Magnolia Fleet, LLC and M/V KRISTIN, LLC's opposition (Rec. Doc. 30), and plaintiff and claimant Intracoastal Tug and Barge Company, LLC's opposition (Rec. Doc. 31). For the following reasons,

**IT IS HEREBY ORDERED** that claimant Quinices Hill's motion to bifurcate limitations proceedings is **GRANTED IN PART**. The Court will try the issues of liability, limitation, and apportionment of fault in a bench trial. In the event of no finding of limitation, Hill's personal injury damages will be tried separately in a forum of his choosing, that is, in his state court action currently enjoined by this proceeding.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This consolidated action arises out of a collision in the Mississippi River between the M/V REPOSE, owned and operated by Intracoastal, and the M/V LOUISE, operated by Magnolia Fleet, LLC and owned by M/V Kristin, LLC. *See* Rec. Doc. 1 at 2–3 ¶¶ 5–7; *In the Matter of Magnolia Fleet, LLC et al.*, No. 23-7210 (E.D. La. Dec. 7, 2024), ECF No. 1 at 1. Magnolia Fleet, LLC and M/V Kristin, LLC share the same address and file collectively. *See* No. 23-7210 (E.D. La. Dec. 7, 2024), ECF No. 1 at 1–2 ¶¶ 2, 4. As the first federal filing related to the incident, Intracoastal sued

1

Magnolia Fleet, LLC and the M/V LOUISE for repair costs and lost charter hire. Rec. Doc. 1 at 5–6 ¶ 11. Two months later, Magnolia Fleet, LLC and M/V Kristin, LLC (collectively hereafter "Magnolia Fleet") instituted a limitation proceeding. *See* No. 23-7210 (E.D. La. Dec. 7, 2024), ECF No. 1. Magnolia Fleet asserted M/V LOUISE's value at voyage end to be $1,100,000.00. *Id.* at 6–7 ¶¶ 24–25. This Court consolidated both actions, with Intracoastal's earlier action designated as the master case. Rec. Doc. 9.

Claimant Hill, a Jones Act seaman and employee of Intracoastal, was assigned to and aboard the M/V REPOSE at the time of the collision. Rec. Doc. 10 at 10 ¶¶ 2–3. Averring "severe injuries to his spine, back, neck, and other parts of his body," Hill alleges he was "thrown from his bunk" due to the impact. *Id.* at 10 ¶ 3. Against Magnolia Fleet and Intracoastal, Hill raises Jones Act and third party negligence, unseaworthiness, and maintenance and cure claims. *Id.* at 10–12 ¶¶ 4–10. Additionally, Hill requests a trial by jury. *Id.* at 14 ¶ 14. Rec. Doc. 29. Aside from those of Hill and Intracoastal, no other claim was filed. *See* Rec. Docs. 10, 14, 15, and 29.

Hill now moves to bifurcate the limitation and non-limitation issues of the case. *See* Rec. Doc. 23. Magnolia Fleet and Intracoastal oppose. *See* Rec. Docs. 30 and 31. The Court held oral argument on the issues on August 1, 2024. *See* Rec. Doc. 32.

## II. LAW AND ANALYSIS

### A. Motion to Bifurcate Standard

Under Federal Rule of Civil Procedure 42(b), a court "may order a separate trial of one or more separate issues" for reasons of "convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). Although within a district court's discretion, the Fifth Circuit has instructed bifurcation is only appropriate in exceptional circumstances. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not

the usual course that should be followed."). As part of that caution, the "issue to be tried separately must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992) (quotation cleaned up) (quoting *Swofford v. B & W, Inc.,* 336 F.2d 406, 415 (5th Cir. 1964)). Thus, a court must assess the facts of an individual case to determine whether bifurcation is appropriate for the achievement of judicial economy and the avoidance of party prejudice. *See Matter of Diamond B. Indus., LLC*, No. 22-127, 2022 WL 4608140, at *1 (E.D. La. Sept. 30, 2022). "The party moving for bifurcation has the burden to demonstrate that judicial economy would be promoted and that the non-moving party will not suffer prejudice." *Becnel v. Lamorak Ins. Co.*, No. 19-14536, 2022 WL 2467675, at *1 (E.D. La. July 6, 2022) (citation omitted).

### B. Limitation of Liability Act Standard

The Limitation of Liability Act permits a shipowner, lacking in privity or knowledge, to limit liability for damages arising from a maritime accident to the value of the vessel involved in the accident. *SCF Waxler Marine, L.L.C. v. Aris T M/V*, 24 F.4th 458, 472 (5th Cir. 2022). A shipowner can assert the right to limitation of liability in two ways: (1) by filing a pre-emptive petition for limitation of liability pursuant to 46 U.S.C. § 30529, or (2) by pleading limitation of liability as a defense in the answer to an existing complaint pursuant to 46 U.S.C. § 30523. *Signal Oil & Gas Co. v. Barge W–701,* 654 F.2d 1164, 1173 (5th Cir. 1981); *Karim v. Finch Shipping Co.,* 265 F.3d 258, 263 (5th Cir. 2001). Here, Magnolia Fleet filed its limitation action, *see* No. 23-7210 (E.D. La. Dec. 7, 2024), ECF No. 1, and Intracoastal raised its own limitation of liability as an affirmative defense, Rec. Doc. 15 at 9–10.

As a concursus, the limitation proceeding gathers claims into one action. *See* 46 U.S.C. § 30529(c) ("[A]ll claims and proceedings against the owner related to the matter in question shall

cease."). Courts have determined bringing all related claims in the federal forum protects shipowners, provides fairness for claimants to a limited fund, and ensures uniformity of decisions. *See In re Exoneration From or Limitation of Liab. of Shell Oil Co.*, 780 F. Supp. 1086, 1091 (E.D. La. 1991) (quoting *Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 415 (1954)).

The Limitation Act, however, acts as shield, not sword. For instance, the Fifth Circuit has recognized two conditions that mandate state court litigation despite a limitation injunction:

> (1) [W]hen the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*In re N&W Marine Towing, L.L.C.*, 31 F.4th 968, 971 (5th Cir. 2022). Here, Hill has provided no such stipulation. *See generally* Rec. Doc. 23-1; *see also* Rec. Doc. 30 at 9–10.

### C. Saving-to-Suitors Exception

These mandatory conditions, however, do not present the exclusive route to state court litigation. Even in the absence of a stipulation, a shipowner can still be protected from abuse of its limitation rights by state court proceedings that follow—and are not simultaneous with—the federal limitation proceeding. *See, e.g., Matter of Diamond B. Indus., LLC*, No. 22-127, 2022 WL 4608140, at *3 (E.D. La. Sept. 30, 2022). The saving-to-suitors clause of 28 U.S.C. § 1333 supports further inquiry on the question of state court litigation. *See* 28 U.S.C. § 1333(1). The Fifth Circuit has long-recognized the tension between the Limitation Act and the saving-to-suitors clause: "This statutory framework has created recurring and inherent conflict between the saving-to-suitors clause of § 1333, with its presumption in favor of jury trials and common law remedies, and the apparent exclusive jurisdiction vested in admiralty courts by the Act." *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (citation omitted).

As an initial consideration, the appellate court has counseled that "the district court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap." *In re N&W Marine Towing, L.L.C.*, 31 F.4th at 971 (citation omitted). However, with limitation rights protected, courts in the Eastern District of Louisiana have considered whether the saving-to-suitors clause provides a basis for bifurcation—with conclusions differing in the case-by-case inquiries. *See, e.g., In re Crescent Energy Servs.*, LLC, No. 15-5783, 2015 WL 7574771, at *4 (E.D. La. Nov. 25, 2015) (Milazzo, J.) (granting bifurcation to permit federal bench and jury trials); *Matter of M/V UNCLE ROBERT*, No. 18-10526, 2020 WL 3576839, at *2 (E.D. La. July 1, 2020) (Guidry, J.) (same); *Matter of N&W Marine Towing, LLC*, No. 20-2390, 2021 WL 3206292, at *2 (E.D. La. July 29, 2021) (Guidry, J.) (denying bifurcation because "the issues of liability, causation, and damages are inextricably linked to [claimant's] testimony and credibility"); *In re Bertucci Contracting Co.*, LLC, No. 12-1783, 2015 WL 114174, at *3–4 (E.D. La. Jan. 8, 2015) (Barbier, J.) (denying bifurcation due to overlapping evidence in class-action property damage claims).

Most precisely—and most persuasively—certain courts in the Eastern District have ordered a more nuanced approach: liability, limitation, and apportionment of fault tried in the federal forum and, upon a finding of no limitation, damages tried in the forum of the claimant's choosing. *See Matter of Diamond B. Indus., LLC*, 2022 WL 4608140, at *3 (Vance, J.); *Ingram Barge Co. LLC v. Caillou Island Towing Co. Inc.*, No. 21-261, 2022 WL 952257, at *4 (E.D. La. Mar. 30, 2022) (Fallon, J.) (same); *Matter of Jack'd Up Charters LLC*, 681 F. Supp. 3d 560, 566–68 (E.D. La. 2023) (Brown, C.J.) (same); *Cont'l Ins. Co. v. L&L Marine Transportation Inc.*, No. 14-2967, 2018 WL 774771, at *4 (E.D. La. Feb. 8, 2018) (Feldman, J.) (same); *see also In re Aries Marine Corp.*, No. 24-96, 2024 WL 3181446, at *3 (M.D. La. June 26, 2024) (Jackson, J.). This approach assures a limitation owner protection, limits needless personal damages-related

discovery at the limitation phase, and protects a claimant's right to a selected forum. More to the point, it is the approach we favor.

Both Magnolia Fleet and Intracoastal argue the case's complexity disfavors bifurcation. In particular, Magnolia Fleet insists the complexity of the case leads to overlapping issues. In addition to the limitation action and Hill's personal injury claims, Magnolia Fleet notes Intracoastal's own claims for property damage and maintenance and cure reimbursement. *See* Rec. Doc. 30 at 6. Although cross-claims exist, they do not overtake the exoneration and limitation inquiries. Further, the limitations-related claims are not so "inextricably linked" to Hill's testimony and credibility to make them unresolvable. *See Matter of N&W Marine Towing, LLC*, 2021 WL 3206292, at *2

The circumstances in the determinations of sister sections supports this conclusion. In *Continental Insurance Company v. L&L Marine Transportation Inc.*, Judge Feldman considered a bifurcation motion related to the allision of one vessel with a bridge during a three-vessel transport of a barge. *Cont'l Ins. Co.*, 2018 WL 774771, at *1. Two vessel owners instituted limitation actions, bringing together no fewer than five claims for personal injury and property damages. *Id.* Despite the complexity of issues, Judge Feldman determined both limitation and savings-to-suitors interests would be served by bifurcation of two seamen's damages claim. *Id.* at *4. In fact, the complexity of issues favored bifurcation: "This case presents complicated facts and issues, and bifurcation will allow the Court and the parties to entirely address one type of issue before turning to another." *Id.* Judge Feldman granted bifurcation but deferred consideration of the forum the seamen's damages claims until after the bench trial on liability, limitation, and apportionment of fault. *Id.* at *4–5.

Moreover, in a case involving a vessel's collision with a dredge pipe being towed by another vessel, Judge Fallon ordered bifurcation of the personal injury claims of a Jones Act

6

seaman who "was violently knocked around in his bunk as a result of the collision, sustaining serious injuries to his neck, head, shoulder, and arm." *Ingram Barge Co. LLC*, 2022 WL 952257, at *1. Each vessel involved claimed exoneration or limitation of liability, and each filed cross-claims against the others. *Id*. Granting the Jones Act claimant's bifurcation request, the court described its initial inquiry: "The limitation proceedings require the Court to determine first, whether a vessel's negligence or unseaworthiness caused the incident at issue (and apportion fault, if necessary), and second, whether the owner of the at-fault vessel had privity or knowledge of the relevant acts of negligence or unseaworthiness." *Id.* at *2. With a factually similar case to *Ingram Barge*, this Court finds such reasoning sound. The limited nature of the staged inquiry should not elongate these proceedings and, instead, will very likely streamline the issues initially under consideration. The various claims do not preclude bifurcation.

As an additional argument, Intracoastal contends bifurcation presents the threat of an inconsistent result in federal and state fora. *See* Rec. Doc. 31 at 4. We disagree. By providing the allocation of collision fault in the federal proceeding, we ensure no different treatment of Magnolia Fleet and Intracoastal in a state forum. Further, parties move to such a stage in the litigation only after exoneration and limitation rejections, possibly preventing the arrival of the damages-related litigation altogether.

In sum, our trying the issues of liability, limitation, and apportionment of fault in a bench trial and Hill's separate trial on personal injuries maintains judicial efficiency and promotes the rights of all parties. To the extent found as found above, claimant Hill meets the exceptional bifurcation standard. Fed. R. Civ. P. 42(b).

New Orleans, Louisiana, this 2nd day of August, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE